Vermont Superior Court
Filed 02/12/24
Addison Unit

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 208-11-18 Ancv

| Rein Kolts vs. Mark Furlan |
|---|

# ENTRY REGARDING
# MOTION FOR SPECIFIC PURPOSES

Title:        Conversion Open (Motion: )
Filer:
Filed Date:   November 19, 2018

## Introduction

Plaintiff is in the custody of the Department of Corrections and is representing himself in this civil action against his former lawyer. He has filed a motion, which he entitled "Motion for Specific Purposes," in which he "seeks a court order to direct [the Department of Corrections] to allow [him] (unsupervised) telephone access." (Capitalization omitted.) He makes this request to enable him to prepare his civil case for trial.

## Discussion

"The right of access to justice [i.e. the courts] is fundamental in our state constitution." *Zorn v. Smith*, 2011 VT 10, ¶ 16, 189 Vt. 219; Vt. Const. ch. I, art. 4 ("Every person within this state ought to find a certain remedy [for injury], by having recourse to the laws"). This right applies to indigent incarcerated persons. See, e.g., *In re Morales,* 2016 VT 85, ¶ 24, 202 Vt. 549 ("inmates ha[ve] a fundamental right of access to the courts"); *State v. Handson*, 166 Vt. 85, 89 (1996) (holding, in the criminal context, that the office of defender general was financially responsible for the litigation expenses of incarcerated, indigent, pro se defendants when those expenses are "necessary to mount an adequate defense" [i.e. access the courts]).

However, this right to court access, supported by affirmative court actions like appointing counsel, is not unconditional for indigent incarcerated prisoners advancing civil matters where their fundamental interests such as life and liberty are not at stake. See, e.g., *Mehdipour v. State ex rel. Dep't of Corr.*, 2004 OK 19, ¶ 6 ("the United States Supreme Court has recognized that indigent inmates have a fundamental constitutional right to meaningful access to the courts, arising from several constitutional provisions. However, this right in the civil context, is not absolute or unconditional, except in cases where an indigent litigant has a fundamental interest at stake."); *Lassiter v. Dep't of Social Servs. of Durham County, N.C.,* 452 U.S. 18, 25 (1981) ("The pre-eminent generalization that emerges from this Court's precedents on an indigent's right

to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation."). Here, Plaintiff's fundamental interests are not at stake. He seeks money damages; the outcome of his malpractice suit will affect neither the length nor sentencing of his incarceration.

Even in criminal cases, incarcerated pro se litigants are not entitled to greater assistance than those who are represented by counsel.

> Pro se indigent defendants should not be denied necessary services merely because they refused the assistance of a public defender. At the same time, however, they are not entitled to greater assistance than defendants who are represented by counsel.

*State v. Handson*, 166 Vt. 85, 92-93 (1996). Since this is a civil case that does not involve Plaintiff's life or liberty, he has even less claim to special assistance.

The Department of Corrections (DOC) has a specific policy for inmate telephone use. Per Vermont Department of Corrections' telephone policy, "[i]nmates should be allowed access to a telephone on a regular basis to place calls with family, friends, attorneys, courts and public officials. Telephone lines should be available for inmates to receive privileged communication calls. Each inmate will be provided with an individual account which will be required for making telephone calls." Telephone Use, APA #13-043, DOC Policy #325, Vermont Dep't of Corrections (Dec. 31, 2013), https://outside.vermont.gov/dept/DOC/Policies/Telephone%20Use%20-%20Same%20as%20APA%20Rule13-043.pdf. The DOC Central Office is required to develop procedures for telephone use, considering "the overall security, order and management requirements of the facility, specific programs and individual inmates." *Id*. at ¶¶ 6–7. If the Plaintiff is not being afforded telephone use in accordance with DOC policy, he must file a grievance and proceed accordingly. If the outcome of the grievance procedure is not satisfactory, he can consider filing an action as provided in V.R.C.P. 75.

The Plaintiff apparently wants additional telephone access to facilitate discovery "including scheduling of witnesses of [sic] depositions and access to the Clerk." (Capitalization omitted.) The Plaintiff is advised (once again) that there are forms of discovery other than depositions. See generally V.R.C.P. 26. The Clark can be accessed by mail as well as by telephone. Under the circumstances, the Court suggests that the Plaintiff avail himself of non-telephonic means of communication.

## ORDER

For the foregoing reasons, Plaintiff's Motion for Specific Purposes is ***denied.***

Electronically signed 2/11/2024 pursuant to VREF 9(d)

_____
Michael S. Kupersmith

Superior Judge